68 F.3d 481
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Winfield W. SCOTT; Patricia D. Scott; Clinton Graham; Ronald
J. Svoboda; Thelma Svoboda; David A. Faria; Brenda
F. Faria, individually and dba Minuteman
Press, Plaintiffs-Appellants,
v.
MINUTEMAN PRESS INTERNATIONAL, INC.; Roy W. Titus; Jeffrey
A. Haber, et al., Defendants-Appellees.
 No. 94-15140.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 11, 1995.
Decided Oct. 13, 1995.
 
 1
 Before: BEEZER and THOMPSON, Circuit Judges, and QUACKENBUSH, District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 Plaintiffs-Appellants appeal from a Judgment entered following a jury verdict in favor of Defendants-Appellees, Minuteman Press International, Inc. (hereafter "Minuteman") and three of its officers and employees.
 
 
 4
 Plaintiffs' numerous claims, including breach of contract and RICO violations, as well as fraud, were based primarily on alleged fraud and misrepresentations by the Defendants in connection with franchise agreements executed by the parties, and it is only the fraud claims that are at issue on appeal. The district court had original jurisdiction pursuant to 18 U.S.C. Sec. 1961 and 28 U.S.C. Sec. 1331. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we AFFIRM.
 
 
 5
 Appellants contend that (1) evidence of alleged misrepresentations was improperly excluded at trial under California's parol evidence rule; (2) testimony of non-party franchisees was improperly admitted, and evidence of other lawsuits against the Defendants was improperly excluded; (3) the trial court gave erroneous and/or confusing jury instructions regarding the parol evidence rule and burden of proof; (4) the trial court improperly determined Plaintiffs' claim of constructive fraud as a matter of law; and (5) Plaintiffs should have been granted a new trial based on insufficient evidence.
 
 
 6
 Minuteman is a printing franchise company that sells franchises for its printing centers throughout the United States and Canada. In 1989, Plaintiffs entered into separate, identical written franchise agreements with Minuteman to operate printing centers in Northern California. They claim that Minuteman representatives made misrepresentations, both orally and in writing, concerning expected sales, profits, costs, and expenses of operating a Minuteman franchise. Within two years of executing the franchise agreements and opening their franchises, Plaintiffs found themselves in severe financial trouble.
 
 
 7
 Appellants' primary argument is that the trial court excluded alleged misrepresentations concerning potential break-even points and profits as being precluded under California's parol evidence rule. Paragraph 23 of the Franchise Agreement provides in large capital letters:
 
 
 8
 LICENSOR SPECIFICALLY STATES THAT THERE IS NO MINUTEMAN PRESS FULL PRINTING CENTER THAT MAY BE CONSIDERED TO BE A "TYPICAL" OR "AVERAGE" CENTER. LICENSOR MAKES NO REPRESENTATIONS OR GUARANTEES AS TO NET/GROSS SALES, PROFITS OR EARNINGS ANY LICENSEE CAN EXPECT.
 
 
 9
 Except for the application of the California parol evidence rule, the issues raised by Appellants require little discussion. The Appellants contend the court erred in rejecting the Plaintiffs' efforts to impeach the witness Martin through the introduction of alleged misrepresentations attributed to Martin. Such evidence was precluded by the parol evidence rule, and, therefore, constituted attempted impeachment on collateral issues. The trial court properly precluded the introduction of such evidence under Rules 403 and 404(b) of the Federal Rules of Evidence. J. Weinstein & M. Berger, Weinstein's Evidence Sec. 607(05) (1991).
 
 
 10
 The preclusion of the Plaintiffs' offer of evidence concerning other lawsuits and/or complaints to the Federal Trade Commission was, for the same reasons, proper. The trial court also exercised appropriate discretion in precluding introduction of such evidence under Federal Rule of Evidence 608(b). Whether to exclude or include testimony pursuant to the Federal Rules of Evidence 401-404 is within the trial court's discretion, and it did not clearly abuse its discretion in its evidentiary rulings. Locricchio v. Legal Servs. Corp., 833 F.2d 1352, 1359 (9th Cir. 1987).
 
 
 11
 The trial court's instructions to the jury fairly and adequately covered the issues, correctly stated the law, and were not misleading. Thorsted v. Kelly, 858 F.2d 571, 573 (9th Cir. 1988). Because no special relationship existed between franchisor and franchisee, Plaintiffs' constructive fraud theory was appropriately dismissed as a matter of law. Little Oil Co. v. Atlantic Richfield Co., 852 F.2d 441, 446-47 (9th Cir. 1988); Eichman v. Fotomat Corp., 880 F.2d 149, 169 (9th Cir. 1989). There was sufficient evidence at trial to support the jury's verdict. Landes Constr. Co. v. Royal Bank of Canada, 833 F.2d 1365, 1372 (9th Cir. 1987).
 
 CALIFORNIA'S PAROL EVIDENCE RULE
 
 12
 California's parol evidence rule is codified in Cal. Civ. Proc. Code Sec. 1856 (West 1983). Subdivision (a) of that section provides that "[t]erms set forth in a writing intended by the parties as a final expression of their agreement with respect to such terms and are included therein may not be contradicted by evidence of any prior agreement or of a contemporaneous oral agreement." The fraud exception to the parol evidence rule is contained in section 1856(g), which provides in relevant part: "This section does not exclude other evidence ... to establish illegality or fraud."
 
 
 13
 The California Supreme Court set forth its conception of the California parol evidence rule concerning fraud claims in Bank of Am. Nat'l Trust & Savings Ass'n v. Pendergrass, 4 Cal. 2d. 258, 263, 48 P.2d 659, 661 (1935):
 
 
 14
 Our conception of the rule which permits parol evidence of fraud to establish the invalidity of the instrument is that it must tend to establish some independent fact or representation, some fraud in the procurement of the instrument, or some breach of confidence concerning its use, and not a promise directly at variance with the promise of the writing.
 
 
 15
 Id., 264 Cal. Rptr. 779, 796-97. (Emphasis added.) This interpretation has been widely criticized, but has never been overruled. See Continental Airlines, Inc. v. McDonnell Douglas Corp., 216 Cal. App. 3d 388, 418-20, 264 Cal. Rptr. 779 (1989); 2 B.E. Witkin, California Evidence Sec. 1000, at 946-47 (3d ed. 1986); Sweet, Promissory Fraud and the Parol Evidence Rule, 49 Cal. L. Rev. 877 (1961). Despite its criticism of the rule, the court in Continental Airlines recognized that the rule in California is that "the fraud exception is not applicable where 'promissory fraud' is alleged, unless the false promise is independent of or consistent with the written instrument." 216 Cal. App. 3d at 419, 264 Cal. Rptr. at 795-96. "It does not apply where, as here, parol evidence is offered to show a fraudulent promise directly at variance with the terms of the written agreement." Id. (quoting Pendergrass).
 
 
 16
 Likewise, in Alling v. Universal Mfg. Corp., 5 Cal. App. 4th 1412, 7 Cal. Rptr. 2d 718 (1992), it was alleged that parol evidence was admissible to show fraudulent inducement, which is what Appellants contend here.
 
 
 17
 We disagree. "Promissory fraud" is a promise made without any intention of performing it. The fraud exception to the parol evidence rule does not apply to such promissory fraud if the evidence in question is offered to show a promise which contradicts an integrated written agreement. Unless the false promise is either independent of or consistent with the written instrument, evidence thereof is inadmissible.
 
 
 18
 Id. at 1436-37, 7 Cal. Rptr. 2d at 733-37 (citations omitted).
 
 
 19
 Here, the alleged promises concerning potential break-even points and profits directly contradict the terms in paragraph 23 of the written franchise agreement. Whether they are, therefore, barred is an issue of State law. We are bound to follow the law as set forth by the California Supreme Court, as was the trial judge, who did an exemplary job of applying the rule as fairly as it could be applied under the circumstances. While the Pendergrass rule has been the subject of much criticism, and even questioned, it is still the law in California, and we are bound by it.
 
 
 20
 The trial court recognized that the parol evidence rule was a big issue in this case, and reserved ruling on Defendants' Motion in Limine to exclude proffered parol evidence until after the first two witnesses had testified. The court then reviewed the testimony and exhibits offered through those witnesses, and ruled on each parol evidence objection independently. The court used a two-part analysis: First, each proffered representation was analyzed to see if it was a promise of future happenings, or a representation of existing fact. Second, if it was found to be a promise of future events, it was only excluded if the court found it contradicted a specific provision of the franchise agreement. Of the many statements identified by the Plaintiffs, only two were excluded as promises that contradicted paragraph 23 of the franchise agreement: (1) alleged promises concerning potential break-even time; and (2) alleged promises concerning potential profits. The jury instructions also clearly distinguished between alleged promises of future events, and alleged misrepresentations of existing fact.
 
 
 21
 We agree with Appellants that the trial court did not make a formal final ruling that the franchise agreement was an integrated contract. However, the record reflects that the court did determine the agreement to be an integrated contract, and that the excluded promises were inconsistent with it, as reflected in its careful and appropriate instructions to the jury. The record clearly supports a finding of integration, including a very extensive and thorough integration clause contained in the franchise agreement.
 
 
 22
 Counsel conceded that the contract provisions in the franchise agreement were never negotiated by the parties, but Appellants have never alleged that the franchise agreement was a take-it-or-leave-it adhesion contract, which it clearly was. Rather, the Appellants' position throughout this litigation has been that the contract was valid, and the Defendants were in breach of it. Nothing in the record suggests that the franchise agreement was not the final agreement of the parties.
 
 
 23
 The excluded evidence of promises concerning break-even time and potential profits were offered to show fraudulent promises directly at variance with paragraph 23 of the integrated franchise agreement. Appellants' reliance on Ron Greenspan Volkswagen, Inc. v. Ford Motor Land Dev. Corp., 32 Cal. App. 4th 985, 38 Cal. Rptr. 2d 783 (1995) is misplaced. Despite Appellants' claim to the contrary, the district court did not rely on the integration clause found in paragraph 22 of the franchise agreement in excluding the alleged promises, but rather relied on the specific, substantive provisions of paragraph 23.
 
 
 24
 Under the interpretation of the parol evidence rule by California courts, including the fraud exception, the district court was correct in excluding the proffered promises concerning break-even points and potential profits, and we affirm.
 
 
 25
 AFFIRMED.
 
 
 
 *
 Honorable Justin L. Quackenbush, Senior United States Judge for the Eastern District of Washington, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3